**Bowman v. Cowden**

*James D. Casale,* for plaintiff.
*James E. Cowden,* in propria persona

KIESER, *J.*, May 1992—This matter is before the court on the exceptions of the petitioner, Mother Renae Bowman, to the Family Court hearing officer's decision of February 4, 1992. Specifically, the petitioner, through her counsel, James D. Casale, Esq., questions the decision insofar as it: (1) attributed an earning capacity to petitioner in the amount of $200 per week; (2) the hearing officer's ordering of a support figure of $82 per week as opposed to the guideline suggested amount of $91 per week, giving variation of 10 percent from the support guideline chart, due to the transportation expenses paid by the respondent relating to child visitation; and (3) the determination that the respondent should pay $5 per week on the arrearage. In addition, the petitioner's requested payment of support to be made during the summer months when the children are in the custody of the respondent to makeup the arrearage.

The petitioner did not appear at the hearing on the exceptions. The respondent appeared on his own behalf at the exceptions hearing without the benefit of counsel.

No evidence was presented as to why the petitioner's earning capacity should not be assessed at $200 per week, which is representative of the net pay she received at her last employment with High Steel, Williamsport, Pa. The petitioner now resides in Cedar Rapids, Iowa, having moved there with the children. Insofar as the court can determine petitioner has voluntarily determined not to seek employment.

There is no question that the respondent has a substantial expense in paying for his share of the transportation expenses, necessarily involved in exercising his rights to partial custody, as a result of the petitioner and the children voluntarily moving to Iowa. It has been made clear by prior court order that he is responsible for the cost of transporting the children from Iowa to Lycoming County

for purposes of exercising those partial custody rights. Accordingly, it is appropriate to reduce his child support payments in part, because of this expense. It would appear that the expenses of the necessary airline tickets from Iowa to Pittsburgh will exceed $600 per year and that there will be additional transportation expenses involved in the respondent arranging for the children to travel from Pittsburgh to Lycoming County. The court believes that a 10 percent reduction in child support, which amounts to approximately $450 per year, in this case is appropriate. The court finds that the appropriate child support guideline amount given the income attributable to the parties of $200 per week to the petitioner and $307 per week to the respondent would be $91 per week and applying the 10 percent deviation it is appropriate to reduce that child support level to $82 per week.[*]

The court further finds that the household income of the respondent is $45,000 per year and that the respondent has the financial means to make payments of at least $13 per week on the arrearage. It appearing to the court that the arrearage at this time is $633.90, the court determines the said arrearage should be paid in full within one year of this date. In order to obtain that result, payments on account of the arrearage are appropriate during the period of time that the respondent has physical custody of the children.

Accordingly, it is ordered and directed as follows:

## ORDER

(1) The respondent shall pay child support for the two minors in the sum of $82 per week, retroactive to October 10, 1991.

---

[*] Petitioner has suggested that the deviation should be applied to the income amounts, rather than the support amount. We disagree. See note to Rule 1910.16-4.

74

(2) Respondent shall pay the minimal sum of $13 per week on the arrearage that may exist; the present balance of the arrearage shall be paid in full within 12 months from this date. Payments on account of the arrearage shall continue during the time the respondent has physical custody of the children.

(3) In all other respects not inconsistent with the above findings and this order, the order of the Family Court hearing officer dated February 4, 1992, is adopted and affirmed.